# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BARBARA MOLLBERG,

    Plaintiff,

v.                                       Case No. 18-CV-1210

ADVANCED CALL CENTER
TECHNOLOGIES INC.,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S
## MOTION TO DISMISS

        Barbara Mollberg filed this action against Advanced Call Center Technologies Inc. ("ACCT") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Wisconsin Consumer Act ("WCA") based on a letter sent by ACCT in the course of collecting a debt owed to Synchrony Bank. Currently before me is ACCT's motion to dismiss the plaintiff's complaint for failure to state a claim. For the reasons explained below, ACCT's motion to dismiss will be granted.

## BACKGROUND

        Mollberg alleges the following in her complaint. On or about November 2, 2017, ACCT mailed a dunning letter to Mollberg in an attempt to collect a debt owed to Synchrony Bank. (Docket # 1 ¶ 23; Docket # 1-4, Ex. D.) The letter stated that the "TOTAL ACCOUNT BALANCE" was $1,113.00 and the "AMOUNT NOW DUE" was $234.00. (*Id.* ¶ 30; Docket # 1-4, Ex. D.) ACCT used the term "AMOUNT NOW DUE" to mean the

sum of the amount past due ($160.00) and the current monthly payment ($74.00), (Docket # 1 ¶¶ 33–34, 72), although its letter did not itemize those amounts, (Docket # 1-4, Ex. D).

Mollberg had previously received several letters from Synchrony Bank regarding the debt. In a letter dated October 2, 2017, Synchrony Bank advised Mollberg that October 17, 2017 was the last day for payment and the "AMOUNT NOW DUE" was $90.00. (Docket # 1-2, Ex. B.) The term "AMOUNT NOW DUE" in that letter meant the amount past due, as evinced by another letter from Synchrony Bank advising Mollberg that her "Amount Past Due" was $90.00, her "Total Minimum Payment Due" was $160.00, and the payment due date was October 23, 2017. (Docket # 1-1, Ex. A.) Later, Synchrony Bank sent a letter to Mollberg stating that the "Amount Past Due" was $160.00, that the "Total Minimum Payment Due" was $234.00, and that the "Payment Due Date" was November 23, 2017. (Docket # 1-3, Ex C.)

**LEGAL STANDARD**

The defendants move to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to

relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). I must construe the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). However, in deciding a motion to dismiss, I am not bound to accept as true legal conclusions couched as facts. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010).

**ANALYSIS**

ACCT moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Mollberg has failed to state a claim under the FDCPA. Mollberg argues that the dunning letter violated the FDCPA in two ways. First, it included the current installment in the amount of the debt; and second, its use of "AMOUNT NOW DUE" could plausibly confuse or mislead the unsophisticated consumer as to the "character or legal status of the debt."

1. § 1692g(a)(1)

I begin with the language of the statute. "Where the statute's language is plain, the court's function is to enforce it according to its terms." *Kariotis v. Navistar Int'l Trans. Corp.*, 131 F.3d 672, 680 (7th Cir. 1997). Section 1692g(a)(1) requires a debt collector to communicate the "amount of the debt." Section 1692(a)(6)(F)(iii) defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Section 1692(g) requires debt collectors to communicate the amount of the debt they are attempting to collect as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

3

> information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;

15 U.S.C. § 1692g(a).

Mollberg argues that the "amount of the debt" under § 1692g(a)(1) must be only the amount past due. (Docket # 10 at 8–11, 15–20.) Thus, she argues, "a debt collector must clearly state the amount that is past due on the date the letter is sent because the consumer is not expected nor required to pay the creditor (let alone the debt collector) portions of the balance that are "not yet due, let alone overdue." (*Id.* at 11.) However, the cases cited by Mollberg do not support her position. In *Barnes v. Advanced Call Center Technologies*, 493 F.3d 838 (7th Cir. 2007), the Seventh Circuit did not hold that "the amount of the debt" under the FDCPA can only ever be the past due amount, or that a debt collector may not attempt to collect a payment that is not past due. Rather, *Barnes* clarified that the "amount of the debt" refers to the amount that the debt collector is attempting to collect, as opposed to the total amount owed to the creditor. *Id.* at 840. Because the "amount of the debt" is the amount the collector is attempting to collect and has been authorized by the creditor to collect, that amount logically depends on the nature of the agreement between the creditor and the debt collector: What has the creditor hired the debt collector to collect? In *Barnes*, the creditor hired the debt collector to collect past due amounts, so the "amount of the debt" *in that case* was the "past due amount."

The more persuasive interpretation of *Barnes* is the one arrived at by the court in *Wahl v. Midland Credit Mgmt., Inc.* and affirmed by the Seventh Circuit: "[U]nder *Barnes*, the 'amount of the debt' that must be correctly stated . . . is the amount of the debt being sought by the debt collector, not the amount of the debt owed to the underlying creditor." *Wahl v.*

*Midland Credit Mgmt., Inc.*, No. 6-CV-1708, 2008 WL 149962, at *4 (N.D. Ill. 2008), *aff'd* 556 F.3d 643, 646–47 (7th Cir. 2009) ("In *Barnes*, . . . . [w]e noted that while the amount of the debt from the perspective of the credit card company might be the running balance, the amount of the debt from the collector's perspective was what *it* was seeking."). *See also Humes v. Blatt*, 6-CV-985, 2007 WL 2793398, at *3 (S.D. Ind. 2007) ("The holding of *Barnes* serves to defeat Plaintiff's claim; 'the amount of the debt' that must be correctly stated and itemized under §§ 1692e, g is not the entire underlying debt but the debt owed to, and sought by, the debt collector."); *Johnson v. Alltran Educ., LP*, No. 17-CV-6616, 2018 WL 2096374, at *8 (N.D. Ill. 2018). The debtor must communicate the amount the creditor has authorized it to collect and it is attempting to collect, whatever that amount is.

As with *Barnes*, Mollberg tries to make other cases do more than they actually do. *Chuway v. Nat'l Action Fin. Servs., Inc.* requires the debt collector to state the amount he is trying to collect "clearly enough that the recipient is likely to understand it." 362 F.3d 944, 948 (7th Cir. 2004). *Olson v. Risk Mgmt. Alts.* held that using two different numbers on a dunning letter—one for the balance and one for the amount now due—did not violate the FDCPA. 366 F.3d 509, 513 (7th Cir. 2004). Neither of these cases require that the "amount of the debt" refer only to the past-due amount.

In fact, many cases support the proposition that a debt collector can collect amounts other than the past due amount, including some of the very cases Mollberg cites. In *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698 (S.D.N.Y. 2013), the court rejected a challenge to a collection agency's attempt to collect both a current payment and a past due payment. In *Hahn v. Triumph Partnerships*, 557 F.3d 755, 756–57 (7th Cir. 2009), the Seventh Circuit noted that the amount due could include interest that accrued after the collection agency purchased

5

the debt. These cases and others support the common-sense notion that a debt collector may collect amounts other than past-due amounts when the creditor authorizes it to do so.

Mollberg also points to § 1692a(6)(F)(iii), which excludes from the definition of "debt collector" one who attempts to collect a debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such persons." (Docket # 10 at 16–17.) It is unclear how this provision can be read to limit debt collectors only to collecting past-due amounts. As a preliminary matter, Mollberg appears to equate "in default" with "past due," but they are not the same. An amount may be past due even though the debt is not yet "in default"; similarly, a debt that is "in default" may not be entirely past due. But I need not decide whether this debt was in default to resolve this motion. If it was not in default, then § 1692a(6)(F)(iii) exempts ACCT from the FDCPA and Mollberg's claim fails. If Mollberg's debt *was* in default, then the monthly payments concerned a debt that was in default when Synchrony Bank turned it over to ACCT exactly as the statute contemplates.

Furthermore, to read this statute as requiring debt collectors to collect only past-due amounts, or even to clearly state past-due amounts, would make § 1692a(6)(F)(iii) do far more than Congress intended it to do. The Seventh Circuit interpreted the intent of this provision as distinguishing debt collectors from creditors, where the latter has a relationship to maintain with the debtor and thus may not require the same incentives to behave well. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003).

The inapplicability of § 1692a(6)(F)(iii) here is readily apparent upon comparison with cases in which courts have applied § 1692a(6)(F)(iii). In *Bailey v. Security Nat. Serv. Corp.*, there were two debts, one defaulted and one not. 154 F.3d 384, 387 (7th Cir. 1998) ("Common sense and the plain meaning of the statute require that we distinguish between an individual

who comes collecting on a defaulted debt and one who seeks collection on a debt owed under a brand new payment plan.") In *Whitaker v. Ameritech Corp.*, the Seventh Circuit held that the defendant was not a "debt collector" under the FDCPA because it acquired the debts before they were in default, even if the customer later defaulted. 129 F.3d 952, 958–59 (7th Cir. 1997). In Mollberg's case, there was only one "debt" for purposes of § 1692a(6)(F)(iii), and as noted, for purposes of this motion I can assume it was in default at the time ACCT acquired it, even if only some amounts were past due. I find no basis in the statute or case law for using § 1692a(6)(F)(iii) to hold that a debt collector may only collect, or must clearly state, past-due amounts.

Mollberg insists that even if ACCT were allowed to attempt to collect the monthly installment in addition to the past due amount, it was required to separate and clearly label the current installment and its due date. (Docket # 10 at 12–13.) I cannot find this requirement in the statute or the case law. In fact, Seventh Circuit precedent strongly suggests the opposite. In *Hahn*, the plaintiff argued that the debt collector had to separate principal and interest, but the Seventh Circuit disagreed. It cited *Barnes* favorably as holding that "it is enough to tell the debtor the bottom line." *Hahn*, 557 F.3d at 757. *See also Whitlow v. FMS, Inc.*, No. 13-CV-1507, 2014 WL 2069386, at *3 (S.D. Ind. May 19, 2014) ("[I]t is not necessary for the debtor to be able to solve for the current monthly payment in order to know 'how to react' to the letters; the Defendant performed the relevant mathematical computation for the debtor by calculating the 'total due' and providing that information in the letters. The fact that the Defendant did not perform an additional, unnecessary computation does not render the letters confusing or misleading with regard to what was owed.") There is simply no rule that a debt collector must separate the monthly installment from the amount past due.

7

To summarize, according to the plain language of the FDCPA, "debt" refers to the amount owed without regard to whether it is currently due or past due. Under the case law of the Seventh Circuit, the "amount of the debt" is the amount the debt collector is authorized and attempting to collect in its letter. Mollberg has failed to allege facts that ACCT did not clearly and accurately state the amount of the debt under § 1692g(a)(1).

   *2. 15 U.S.C. §§ 1692e(10) and 1692f*

Mollberg contends that ACCT's use of the phrase "AMOUNT NOW DUE" would materially confuse or mislead the unsophisticated consumer in violation of 15 U.S.C. §§ 1692e(10) and 1692f. (Docket # 1 ¶¶ 72–73.) Citing *Chuway*, Mollberg asserts that a dunning letter that falsely implies to the consumer that the current installment is overdue is materially misleading and confusing to the consumer. (Docket # 10 at 13.)

I fail to see how ACCT's letter implied that the current installment was overdue. It said that it was "NOW DUE," which was true. Mollberg appears to misunderstand the meaning of "due." In her complaint, she asserts that "[t]he 'Total Minimum Payment Due' is the sum of the 'amount past due' and the minimum payment, which is not itself due until the 'Payment Due Date.'" (Docket # 1 ¶ 34.) In fact, a due date is the last date on which the payment can be made without becoming *past* due. When ACCT sent its letter—between Synchrony's most recent statement (Docket # 1-3, Ex. C) and the "due date"—the monthly installment was in fact due, just not past due. ACCT was not, as Mollberg claims, attempting to collect a debt that was not yet due. (Docket # 1 ¶ 36; Docket # 10 at 13.)

Mollberg contends that the unsophisticated consumer would be misled to believe that her account had a past due amount of $234.00, when in fact the plaintiff could have brought her account current by paying only the past due amount of $160.00, and paying the remaining

8

$74.00 approximately three weeks later. (Docket # 1 ¶ 72.) But it is just as plausible—perhaps more so, given that the amount was labeled "NOW DUE"—that a consumer would assume that the entire amount was merely *due*, not *overdue*. There is simply nothing in ACCT's letter that implies that any part of the amount is overdue. Any consumer who interprets "NOW DUE" as "PAST DUE" is interpreting it in a bizarre, idiosyncratic fashion inconsistent with the unsophisticated consumer standard.

Mollberg further contends that the letter "unfairly misleads the consumer about how much she needs to pay to avoid a late fee by implying that she needs to pay this amount in its entirety." (Docket # 10 at 32.) Mollberg points out that Wisconsin law forbids debt collectors from collecting delinquency charges if the debtor pays the current installment amount even if she cannot pay the past due amount. Wis. Stat. § 422.203(2). But neither the FDCPA nor Wis. Stat. § 422.203(2) requires a debt collector to notify the consumer of the minimum amount they must pay to avoid late fees. Furthermore, even if ACCT were to separate the amounts rather than lumping them together, I fail to see how that would be less confusing or misleading to a consumer. Indeed, it might be more so, as an unsophisticated consumer might believe she has to pay the past-due balance first. After all, the unsophisticated consumer likely does not know about Wis. Stat. § 422.203(2). ACCT's listing the amounts separately would be meaningless, at best, to the consumer unless I imposed on ACCT the further obligation to instruct consumers about how to avoid late fees under Wis. Stat. § 422.203(2). It is not the role of this court to impose obligations that the statutes do not. In the absence of any statutory requirement that debt collectors provide specific instructions to consumers about how to avoid late fees under § 422.203(2), I cannot find that ACCT's failure to separate the amounts was materially confusing or misleading.

Finally, Mollberg also contends that ACCT's use of the phrase "AMOUNT NOW DUE" to refer to the past due amount and the current monthly payment together was confusing because it conflicted with the creditor's prior use of "Amount Now Due" to refer to the past-due balance alone. (Docket # 1 ¶¶ 67–74.) Evaluating a debt collector's liability in light of the creditor's prior actions concerning the debt would be absurd, as it would require debt collectors to scrutinize all correspondence the creditor had previously sent to each debtor and then tailor each letter to avoid any perceived contradiction. There is no support in the statute or case law for imposing such a burden on debt collectors.

Even if I considered ACCT's liability in light of Synchrony Bank's prior correspondence, I doubt it would have the effect Mollberg desires. Synchrony Bank's last communication with Mollberg gave the "New Balance" as $1,113.00 and the "Total Minimum Payment Due" as $234.00; ACCT's letter gave the "Total Account Balance" as $1,113.00 and the "Amount Now Due" as $234.00. It seems unlikely that a significant percentage of the population would fret over the slight difference in terminology when the amounts are identical and they clearly refer to (1) the total amount of the debt and (2) the amount the consumer is expected to pay for the time being. *See Olson*, 366 F.3d at 513 ("[A]n unsophisticated consumer . . . would understand that the amount of the debt is the 'Balance' and that the amount 'Now Due' is the portion of the balance that the creditor will accept for the time being until the next bill arrives.").

The other undesirable (for Mollberg) effect of considering Synchrony Bank's earlier letters to Mollberg would be that they remove any confusion about which amounts are past due and which are merely due, as they clearly separate the two. Mollberg wants to use Synchrony Bank's earlier letters to show that ACCT's use of the term "AMOUNT NOW

DUE" would be confusing, but ignore those letters when they clarify which portion of the payment was overdue and which was merely due. She cannot have it both ways.

Mollberg makes much of the fact that § 1692e is a "strict liability" statute, arguing that ACCT's lack of knowledge about Synchrony Bank's letters is irrelevant. (Docket # 10 at 29–30.) "Strict liability" means liability for a violation even if it was unintentional or harmless; here, there was no violation at all because the letter was plainly not false, misleading, or confusing. Therefore, there is no liability, strict or otherwise. This is easily distinguishable from cases in which courts have discussed strict liability under § 1692e, including those cited by Mollberg, in which false or misleading representations were caused by factual errors on the part of the debt collector. *See, e.g.*, *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015) (noting that strict liability would attach to attempts to collect or settle debts that are not legally enforceable because the statute of limitations has run, even if those attempts had not caused plaintiffs to make unnecessary payments); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) (holding that demand for immediate payment while a debtor is in bankruptcy is "false" because it asserts that money is due when it is not, and that a debt collector's false statement presumptively violates § 1692e(2)(A) even if ignorantly made). In this case, ACCT did not use the phrase "AMOUNT NOW DUE" or the total of $234 because of any faulty assumption; it used them because $234 was, in fact, the total amount then due.

This analysis of "Amount Now Due" is consistent with both the relevant Seventh Circuit precedent, *Olson*, and the decisions of other district courts on this issue. In *Whitlow*, the Southern District of Indiana rejected a claim that a dunning letter that listed the total due without separating the current monthly installment from the past-due amount violated the FDCPA. 2014 WL 2069386, at *3. In another recent case, *Reynolds v. Encore Receivable Mgmt.*,

11

No. 17-cv-2207, 2018 WL 2278105 (D.N.J. May 18, 2018), the court held that a dunning letter that stated the "Total Account Balance" and the "Total Amount Due" did not violate the FDCPA:

> [E]ven to the least sophisticated debtor, 'Now Due' simply means that the debt collector is willing to accept less than the total debt to bring the account current. *Olson*, 366 F.3d at 512. The debtor has the 'option of paying the amount due, paying the total balance, or doing neither and contesting the debt.' *Id.* at 512–23. These options do not contradict one another, and the Court finds that the March Letter's reference to both the overall account balance and the current amount due do not support a violation of Section 1692g [or 1692e].

*Id.* at *6. Because the phrase "AMOUNT NOW DUE" would plainly not confuse or mislead the unsophisticated consumer, Mollberg does not state a claim under § 1692e(10) or 1692f.

3. *The WCA*

Similar to the FDCPA, the WCA's purpose is to "protect customers against unfair, deceptive, false, misleading, and unconscionable practices by merchants" and to "permit and encourage the development of fair and economically sound consumer practices in consumer transactions." Wis. Stat. § 421.102(2)(b)–(c). The WCA mandates that its provisions "shall be liberally construed and applied to promote their underlying purposes and policies." Wis. Stat. § 421.102(1).

Mollberg's complaint alleges that ACCT violated § 427.104 of the WCA, (Docket # 1 ¶¶ 75–82), which prohibits, *inter alia*, the following practices by debt collectors:

> (g) Communicate with the customer or a person related to the customer with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer;
>
> (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer;
>
> [. . .]

> (j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist;
>
> (L) Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt.

Neither party's brief addresses Mollberg's WCA claims substantively. Both appear to assume that the WCA claims sink or swim with the FDCPA claims. (Docket # 1 ¶ 61; Docket # 7 at 3–4.) In any event, Mollberg's WCA claims fail. Mollberg alleges that she received one letter from ACCT, which is not so frequent as to threaten or harass her under § 427.104(g). As for (h) and (L), I find no language in ACCT's letter that can be construed as threatening or harassing in any way. As for (j), ACCT's letter claims only two rights: to use any information obtained for the purpose of collecting the debt, and to assume the debt is valid unless it receives notice of a dispute within 30 days, both of which are rights ACCT actually had. Thus, Mollberg's complaint fails to state a claim under the WCA.

    *4. Leave to Replead*

Finally, I am cognizant that the Seventh Circuit has repeatedly stated that a "plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed" and that when "a district court denies a plaintiff such an opportunity, its decision will be reviewed rigorously on appeal." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). The *Runnion* court also stated, however, though rare, there are cases where "it is clear that the defect cannot be corrected so that amendment is futile" and in such cases "it might do no harm to deny leave to amend and to enter an immediate final judgment." *Id.* at 520.

This is one of those rare cases where amendment would be futile. It is unclear what allowing Mollberg leave to replead would accomplish. The dunning letter will not change. Nor will Mollberg's assertion that the dunning letter violated the FDCPA and the WCA. For these reasons, I find that it is appropriate to dismiss Mollberg's complaint with prejudice and enter judgment in favor of ACCT.

## CONCLUSION

Mollberg has not plausibly alleged that ACCT's dunning letter violated the FDCPA or the WCA. Because the dunning letter accurately stated the amount of the debt and is plainly not confusing or misleading, I will grant ACCT's motion to dismiss.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that ACCT's motion to dismiss (Docket # 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of January, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge