# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BARBARA MOLLBERG,

    Plaintiff,

  v.                                                 Case No. 18-CV-1210

ADVANCED CALL CENTER
TECHNOLOGIES INC.,

    Defendant.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

Barbara Mollberg filed this action against Advanced Call Center Technologies Inc. ("ACCT") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Wisconsin Consumer Act ("WCA") based on a letter sent by ACCT in the course of collecting a debt owed to Synchrony Bank. ACCT moved to dismiss Mollberg's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that she failed to state a claim upon which relief can be granted, and I granted ACCT's motion. (Docket # 16.) Presently before me is Mollberg's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). (Docket # 18.) For the reasons I explain below, Mollberg's motion will be denied.

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), aff'd 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not

demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Mollberg does not present newly discovered evidence; rather, she argues that the decision and order dismissing her claims under 15 U.S.C. § 1692e contains manifest errors of law. Specifically, she argues that that the order (1) misapplied Seventh Circuit precedent, and (2) dismissed with prejudice rather than giving Mollberg an opportunity to amend her complaint.

Mollberg states that it was a manifest error of the law for the court not to conduct "a *Ruth* analysis" by articulating and analyzing the three categories of dunning letters laid out in *Ruth v. Triumph P'Ships*, 577 F.3d 790, 800 (7th Cir. 2016). (Docket # 21 at 1.) Mollberg argues that this court "has reconsidered an order in another FDCPA action for this exact reason." (*Id.* (citing *Spuhler v. State Collection Servs.*, No. 16-cv-1149, 2018 U.S. Dist. LEXIS 128536, at *18 (E.D. Wis. Aug. 1, 2018)).) *Spuhler*, however, is inapposite. In *Spuhler*, reconsideration was granted because in denying in part the defendant's summary judgment motion, I erroneously found that there was a triable issue of fact as to whether the collection letter was confusing or unclear on its face, despite the plaintiffs' failure to produce extrinsic evidence. This contravenes *Ruth*. *See Ruth*, 577 F.3d at 800 ("The second category of cases involves statements that are not plainly misleading or deceptive but might possibly mislead or deceive

2

the unsophisticated consumer. In these cases, we have held that plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive.").

Here, the court's result is consistent with *Ruth*, which states that "[i]n the first category are cases involving statements that plainly, on their face, are not misleading or deceptive. In these cases, we do not look to extrinsic evidence to determine whether consumers were confused. Instead, we grant dismissal or summary judgment in favor of the defendant based on our own determination that the statement complied with the law." *Id*. The decision I issued in this case did just that: granted dismissal based on my determination that the letter plainly, on its face, would not mislead an unsophisticated consumer. Mollberg is not entitled to reconsideration on this ground.

Mollberg also argues that the fact that the dunning letter was subject to multiple interpretations makes dismissal inappropriate at the 12(b)(6) stage. (Docket # 18 ¶ 11–13, # 2–4.) Mollberg's argument overstates Seventh Circuit precedent, which does not hold that any language that could possibly be interpreted in multiple ways must survive a motion to dismiss. This is true only where the language is susceptible to an interpretation that could plausibly confuse the unsophisticated consumer. *Boucher v. Fin. Sys. Of Green Bay*, 880 F.3d 362, 366–67 (7th Cir. 2018). I found that the interpretation offered by Mollberg—that a consumer would interpret "now due" as "past due"—was "bizarre" and "idiosyncratic" and would not confuse an unsophisticated consumer. Mollberg is not entitled to produce extrinsic evidence showing that such language would confuse an unsophisticated consumer when it is manifestly clear that the language could not plausibly do so. (Docket # 16 at 9.)

Mollberg notes that the Seventh Circuit has cautioned district courts to "tread carefully" before holding that a dunning letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion. *McMillan v. Collection Prof'ls., Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (quoting *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501–03 (7th Cir. 1999)). However, the Seventh Circuit allows dismissal where a letter is so clear on its face that not even a significant fraction of the population would be materially misled. *See Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). I found that such was the case here, and Mollberg's disagreement does not constitute a manifest error of law.

Mollberg takes issue with my interpretation of other relevant Seventh Circuit precedent. (Docket # 18 ¶¶ 15–16, # 21 at 4–8.) The decision clearly indicated how my interpretation of such precedent differs from Mollberg's, and Mollberg's disagreement with my interpretation does not constitute a manifest error of law.

Finally, Mollberg argues that she should have been given the opportunity to amend her complaint. (Docket # 18 ¶ 17, # 21 at 8.) The Seventh Circuit has repeatedly stated that a "plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed" and that when "a district court denies a plaintiff such an opportunity, its decision will be reviewed rigorously on appeal." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). However, the court has also stated that in rare cases "it is clear that the defect cannot be corrected so that amendment is futile," and in such cases "it might do no harm to deny leave to amend and to enter an immediate final judgment." *Id.* at 520.

This is one of those rare cases where amendment would be futile. It is unclear what allowing Mollberg to re-plead would accomplish. The dunning letter will not change. Nor will Mollberg's assertion that the dunning letter violated the FDCPA. Mollberg argues that she should be allowed to amend her complaint in order to "more clearly allege that collection agencies typically collect only the past due portions of credit card accounts, that the unsophisticated consumer would assume the 'amount now due' is the past due portion, and that the unsophisticated consumer would not know if the debt collector or creditor had exercised a right to accelerate the current installment payment." (Docket # 21 at 8.) Mollberg apparently attempts to cast her amendments as pleading new facts that might change the analysis, but in fact Mollberg is attempting to redefine the "unsophisticated consumer" standard. Mollberg wants the court to apply the standard of a consumer who is sophisticated enough to know that debt collectors usually collect only amounts that are past due to the creditor, and who concerns herself with whether the debt collector or the creditor has accelerated the current installment payment. That is not the "unsophisticated consumer" standard, and re-pleading in this manner would not change my analysis.

Because Mollberg has failed to meet her burden of showing a manifest error of law or fact, her motion for reconsideration is denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for reconsideration (Docket # 18) is **DENIED**.

Dated at Milwaukee, Wisconsin this 27th day of March, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge